# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, **Acting Commissioner of Social Security,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:22-cv-00188-JCB <br><br> Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[1] Before the court is Plaintiff Joseph H.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[2] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth below, Plaintiff's sole argument on appeal fails. Therefore, the court affirms the Commissioner's decision.

---

[1] ECF No. 10.

[2] 42 U.S.C. §§ 1381-1383f.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for SSI in December 2019.[3] Plaintiff's application was denied initially[4] and upon reconsideration.[5] On May 11, 2021, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").[6] The ALJ issued a written decision on June 7, 2021, denying Plaintiff's claim for SSI.[7] Plaintiff appealed the adverse ruling, and, on January 21, 2022, the Appeals Council denied his appeal,[8] making the ALJ's decision final for purposes of judicial review.[9] On March 22, 2022, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[10]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[11] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[12] "Substantial evidence is such relevant evidence as a reasonable mind

---

[3] ECF Nos. 13-14, Administrative Record ("AR ___") 231-38.

[4] AR 89.

[5] AR 104.

[6] AR 34-61.

[7] AR 9-33.

[8] AR 1-6.

[9] 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

[10] ECF No. 2.

[11] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[12] 42 U.S.C. § 405(g).

might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[13] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[14] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[15]

The aforementioned standards of review apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[16] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[17]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If he is, disability benefits are denied. If he is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[18]

---

[13] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[14] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[15] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[16] 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[17] 20 C.F.R. § 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

[18] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 416.920(a)(4)(i)-(ii).

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[19] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[20] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[21] An individual's RFC is his greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from his impairments.[22] In making that determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[23]

At the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[24] "If the claimant is able to perform his previous work, he is not disabled."[25] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[26]

---

[19] 20 C.F.R. § 416.925(a); *see also* 20 C.F.R. § 416.920(a)(4)(iii).
[20] *Williams*, 844 F.2d at 751.
[21] 20 C.F.R. § 416.920(e).
[22] *Id.* § 416.945(a)(1), (b)-(c).
[23] *Id.* § 416.945(a)(2).
[24] *Id.* § 416.920(a)(4)(iv).
[25] *Williams*, 844 F.2d at 751.
[26] *Id.*

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[27] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[28] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[29] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[30]

## ANALYSIS

The ALJ did not err at step three of the sequential evaluation process by concluding that Plaintiff's impairments did not meet or equal sections 12.03, 12.04, and 12.15 of Appendix 1 of the relevant regulations (individually, "listing" or "listed impairment" and collectively, "listings" or "listed impairments").[31] As required at step three, the ALJ considered whether Plaintiff's impairments met or equaled the relevant listings.[32] As stated above, the listings describe impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[33] A claimant bears the "burden to

---

[27] *Id*.

[28] *Id*. (quotations and citation omitted); *see also* 20 C.F.R. § 416.920(a)(4)(v).

[29] 20 C.F.R. § 416.920(a)(4)(v).

[30] *Id*.

[31] 20 C.F.R. § 404, Subpart P, Appendix 1, listings 12.03 (schizophrenia spectrum and other psychotic disorders), 12.04 (depressive, bipolar, and related disorders), 12.15 (trauma- and stressor-related disorders).

[32] AR 16-19.

[33] 20 C.F.R. § 416.925(a).

present evidence establishing [his] impairments meet or equal listed impairments."[34] A claimant's burden at step three is a high one because the Commissioner "explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard. The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'"[35] To satisfy that burden, a claimant is required to establish that his or her impairments "meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."[36]

Listings 12.03, 12.04, and 12.15 are each divided into Paragraphs A, B, and C.[37] Each of those listings can be met or equaled by establishing the requirements of Paragraphs A and B or by establishing the requirements of Paragraph A and C.[38] The Paragraph B and Paragraph C criteria for those listings are identical.[39] Although the ALJ did not address the requirements of Paragraph A for listings 12.03, 12.04, and 12.15, neither Plaintiff nor the Commissioner seems to dispute that Plaintiff's impairments satisfied the Paragraph A criteria for each of those listings. As to Paragraphs B and C, the ALJ determined that Plaintiff did not satisfy the requirements of

---

[34] *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005).

[35] *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original).

[36] *Id.* at 530 (emphasis in original); *see also Lax*, 489 F.3d at 1085 ("To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment.").

[37] 20 C.F.R. § 404, Subpart P, Appendix 1, listings 12.03(A)-(C), 12.04(A)-(C), 12.15(A)-(C).

[38] 20 C.F.R. § 404, Subpart P, Appendix 1, listings 12.03(A)-(C), 12.04(A)-(C), 12.15(A)-(C).

[39] 20 C.F.R. § 404, Subpart P, Appendix 1, listings 12.03(B)-(C), 12.04(B)-(C), 12.15(B)-(C).

either and, therefore, failed to show that his impairments met or equaled listings 12.03, 12.04, or 12.15.[40]

Plaintiff contends only that the ALJ erred in his consideration of Paragraph C. To satisfy Paragraph C, Plaintiff was required to show that his mental disorder is "'serious and persistent,'" which means that he must

> have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of [his] mental disorder . . . ; and
>
> 2. Marginal adjustment, that is, [he has] minimal capacity to adapt to changes in [his] environment or to demands that are not already part of [his] daily life . . . .[41]

To meet the requirements of Paragraph C, Plaintiff was required to provide "evidence that satisfies the criteria in both C1 and C2."[42]

The ALJ concluded that the record evidence failed to establish the requirements of Paragraph C because "[t]he evidence show[ed] [Plaintiff]'s symptoms stabilized with treatment" and because Plaintiff "was able to do part-time work or odd jobs to supplement his benefits," which was "not consistent with marginal adjustment."[43] Plaintiff contends that the ALJ erred in making those determinations because, according to Plaintiff, the record evidence shows that he meets the requirements of both Paragraphs C1 and C2. Plaintiff's argument fails for two reasons.

---

[40] AR 17-19.

[41] 20 C.F.R. § 404, Subpart P, Appendix 1, listings 12.03(C), 12.04(C), 12.15(C).

[42] 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.00(A)(2)(c).

[43] AR 19.

First, to support his arguments for both Paragraphs C1 and C2, Plaintiff points to select portions of the record that, according to Plaintiff, show that the requirements of those paragraphs were satisfied. In doing so, Plaintiff invites the court to reweigh the evidence, which is an unavailing tactic on appeal. The court does not reweigh the evidence before the ALJ.[44] From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.[45] Thus, the court rejects Plaintiff's invitation to reweigh the evidence.

Second, even if the court reweighs the evidence, the ALJ appropriately concluded that Plaintiff failed to show marginal adjustment under Paragraph C2. The relevant regulation provides that marginal adjustment means that a claimant's "adaptation to the requirements of daily life is fragile; that is, [the claimant has] minimal capacity to adapt to changes in [his] environment or to demands that are not already part of [his] daily life."[46] A claimant satisfies the requirement of marginal adjustment "when the evidence shows that changes or increased demands have led to exacerbation of [his] symptoms and signs and to deterioration in [his] functioning."[47]

---

[44] *Madrid*, 447 F.3d at 790.

[45] *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)).

[46] 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.00(G)(2)(c).

[47] *Id.*

Based upon citations to record evidence, including Plaintiff's testimony from the administrative hearing, the ALJ found that Plaintiff performed contract work for days and weeks at a time at a location several hundred miles from his home.[48] And despite the distance and work, Plaintiff continued to see the stabilization of his symptoms.[49] That evidence adequately supports the ALJ's conclusion that Plaintiff failed to show marginal adjustment under Paragraph C2. Therefore, Plaintiff fails to show that the ALJ erred in his consideration of the Paragraph C criteria, and, consequently, the court affirms the Commissioner's decision.

## **CONCLUSION AND ORDER**

As demonstrated above, Plaintiff's sole argument on appeal fails. Therefore, the court HEREBY ORDERS that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 12th day of October 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[48] AR 19, 21, 23-24, 40-43, 1088, 1224. Although some of the ALJ's findings in this regard are not confined to his step-three analysis, those findings can still support the ALJ's conclusion at step three. *Fischer-Ross*, 431 F.3d at 733 (providing that "an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment").

[49] AR 19, 583-84, 911, 1224.